UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JODI PARMLEY | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR COPYRIGHT INFRINGEMENT, |
| AMAZON STUDIOS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Comes now, Plaintiff, Jodi Parmley, by and through its her counsel of record herein, against Defendants, and each of them, alleges as follow:

### INTRODUCTION

1. This is a civil action for the infringement of registered copyrights in violation of the U.S. Copyright Act brought by the Plaintiff, Jodi Parmley, (hereinafter referred to as "Plaintiff"), to recover compensatory, statutory, and punitive damages as a result of the Defendant's, Amazon Studios, LLC, (hereinafter referred to as "Defendant"), unauthorized infringement and surreptitious exploitation of the copyrighted works of Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the State of Louisiana and substantial acts of

infringement have occurred in this district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and marketing of television series to Louisiana residents and Louisiana residents were able to purchase and stream infringing television series by way of mechanisms controlled or authorized by the Defendants.

## PARTIES

4. Plaintiff, Jodi Parmley, is a person of the full age and majority and is domiciled in the State of Louisiana.,

7. Upon information and belief, Defendant Amazon Studios, LLC is an active limited liability company organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Defendant does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

## FACTS

15. In or about 2014, Plaintiff authored and published a literary work entitled "F.IF.I.: Financial Infidelity F**K It."  Plaintiff's "F.IF.I." was wholly original and is registered with the U.S. Copyright Office, Registration Number TX8-808-759. Subsequently, in or around 2016, the Plaintiff authored a screenplay based upon the aforesaid literary work aptly entitled, " Financial Infidelity F**K It."  The aforementioned screenplay was wholly original and is registered with the U.S. Copyright Office, Registration Number PA0002185843.

16. Thereafter, the plaintiff engaged several interested persons in the state of California about pursuing a developmental deal for the production of the aforesaid works into a feature film or television series.

22. In or around 2019, the defendant distributed a television series entitled, "The Marvelous Mrs. Maisel" on its streaming service, Amazon Prime Video. Defendants used unauthorized portions of "F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" in the infringing television series.

23. The Plaintiff did not authorize the defendants' reproduction, distribution, use, or creation of an unauthorized derivative work of "F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It."

24. Defendants do not have any rights to reproduce, distribute, publicly perform, or create derivative works of "F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" in the television series, "The Marvelous Mrs. Maisel."

25. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing television series "The Marvelous Mrs. Maisel." The infringing work's premise is based upon the Plaintiff's literary work, which includes but is not limited to the personal plight of the main protagonist, Miriam Maisel, particularly the fallout of her marriage to character, Joel Maisel, the content of Miriam Maisel's stand-up comedy routine, the time-period attire of the characters, the financial struggles and independence of Miriam Maisel, and the personalities of the Miriam Maisel's acquaintances and family members.

33. Defendants, without authority have willfully copied many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

### FIRST CLAIM FOR RELIEF

(Copyright infringement of "F.IF.I.: Financial Infidelity F**K It" and "Financial Infidelity F**K It" into the television series, "The Marvelous Mrs. Maisel" against all defendants)

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff is the owner of the copyright in the literary works of F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" and was registered with the U.S. Copyright Office and bears Registration nos. TX8-808-759 and PA0002185843, respectively.

36. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" by among other things: a) preparing unauthorized derivatives of Plaintiff's F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" in the form of "The Marvelous Mrs. Maisel;" b) reproducing copyrighted elements of the Plaintiff's F.IF.I.: Financial Infidelity F**K It" and "Financial Infidelity F**K It" c) distributing copies of "The Marvelous Mrs. Maisel," which contains copyrighted elements of Plaintiff's F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" and d) publishing, displaying, selling and licensing copies of "The Marvelous Mrs. Maisel," which contains

copyrighted elements of Plaintiff's F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" Defendants never paid Plaintiff, nor secured the authorization for the use of F.IF.I.: Financial Infidelity F**K It" and " Financial Infidelity F**K It" in "The Marvelous Mrs. Maisel"

39. The infringing work also misappropriates key protected elements of the Plaintiff's works into their infringing television series "The Marvelous Mrs. Maisel." The infringing work's premise is based upon the Plaintiff's literary work, which include but are not limited to the personal plight of the main protagonist, Miriam Maisel, particularly the fallout of her marriage to character, Joel Maisel, the content of Miriam Maisel's stand-up comedy routine, the time-period attire of the characters, the financial struggles and independence of Miriam Maisel, and the personalities of the Miriam Maisel's acquaintances and family members.

41. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

42. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

43. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

a) For actual damages according to proof at trial;

b) For Defendants' profits in an amount according to proof at trial or, at its election;

c) For statutory damages per infringement pursuant to 17 U.S.C. 504.

d) For an accounting in connection with Defendants' unauthorized use of the infringing works;

e) For attorney's fees pursuant to 17 U.S.C. 504;

f) For costs of suit incurred;

g) For interest, prejudgment interest and post-judgment interest according to proof at trial;

h) For compensatory damages

i) For attorney fees

j) Any such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above matter.

Dated: April 6, 2020

                Respectfully submitted,

                /s/DASHAWN HAYES
                DaShawn Hayes (LA State Bar #34,204)
                The Hayes Law Firm, PLC
                1100 Poydras St., Ste 1530
                New Orleans, LA 70163
                PH: 504-799-0374
                FAX: 504-799-0375
                dphayesesquire@gmail.com
                Attorneys for Plaintiff
                Jodi Parmley

**WAIVER OF SERVICE REQUESTED**